GEORGE GRIMES v. W. D. GRIFFITH.

No. 965.

**Vendor's Lien—Purchase Money Advanced by Another—Subrogation.**

Where the grantee in an absolute deed executes to a third person who has advanced him money for the purchase of the land a note reciting that it is given for such purchase money, and that a lien on the land is retained for its security, such facts and recital do not make the contract of sale executory, and entitle such third person to be subrogated to the superior rights of an unpaid grantor, so as to recover the land itself, after such note is barred by limitation.

APPEAL from Victoria. Tried below before Hon. S. F. GRIMES.

*A. S. Thurmond,* for appellant.

*A. B. & W. M. Peticolas,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—Appellant, prior to the 28th day of January, 1882, had a verbal contract with one Squires to purchase from him a tract of land. Some small payments were made, but appellant failed to acquire title under that contract. Appellee bought the land at a tax sale, and afterwards there was an agreement between him and appellant that he should buy the land for appellant from Squires, advancing the money necessary to pay for it. Appellee saw Squires and agreed to pay for the land, and Squires prepared a deed to appellee conveying it to him, but when the deed was tendered to him, appellee declined to take it and instructed Squires to make the deed to appellant, in order to save the cost of two deeds. Squires then, on January 28, 1882, executed a deed reciting payment of the consideration, $211.89, and conveying the land absolutely to appellant. Of the consideration, part was paid by appellant and the balance was advanced by appellee. This deed was taken by appellee and delivered to appellant, who, at the same time, executed to appellee his note for the amount advanced by him, $152.40, reciting that it was given for the purchase money of

the land and that a vendor's lien was retained upon the land described in the deed from Squires.

After the note was barred by limitation, this suit was brought to recover a balance due on it, with a prayer in the alternative for the recovery of the land if judgment on the note should be denied. The court below held that the note was barred by limitation, and this ruling is not attacked; but the court also held that the contract of sale was executory, that the title did not pass to appellant, that appellee was subrogated to the rights of Squires and was entitled to judgment for the land, which was accordingly rendered.

1. The deed from Squires to appellant passed the title to the land encumbered alone with the lien in favor of appellee. The purchase money was all paid to the vendor of the land and, by his deed, he parted with his title. No interest was reserved to him, and hence, if the doctrine of subrogation could apply so as to entitle one situated as appellee to assert a title reserved by the vendor in his conveyance to secure purchase money, it could confer no right here, for the simple reason that no title was reserved. Appellee himself never acquired the title, but it passed from Squires to appellant. The preparation of the deed to appellee had no effect because it was never accepted by him. The note, with its stipulation for a vendor's lien, could not make the contract executory, because it was not given to the vendor in whom was the title, but to appellee who had no title.

The judgment is erroneous and will be reversed and judgment here rendered for appellant.

*Reversed and rendered.*

Delivered November 28, 1895.